## Chester, Darby & Philadelphia Railway Company, Appellant, *v.* Darby Borough.

*Street railways—Boroughs—Municipal consent—Use of street—Conditions—Removal of tracks—Equity.*

Where a contract between a borough and a street railway company provides that the company shall not take up or remove its tracks without the consent of the borough, and after the contract is in operation, the county reconstructs a bridge on which the tracks are laid in such a way that the tracks on the bridge do not align with those on the land, the street railway company has no right, secretly and at night, to take up its tracks to readjust them, without having made any attempt to secure the consent of the borough to such action. If the borough authorities interfere to prevent the taking up of the tracks before the company obtains municipal consent, a court of equity will not at the instance of the company restrain them from so doing, but the borough cannot arbitrarily withhold consent or cannot burden its consent by conditions that impose further pecuniary obligations upon the company.

Argued Feb. 12, 1907.  Appeal, No. 389, Jan. T., 1906, by plaintiffs, from decree of C. P. Del. Co., June T., 1905, No. 152, dismissing bill in equity in case of The Chester, Darby & Philadelphia Railway Company, Union Railway Company and The Chester Traction Company v. Borough of Darby, otherwise known as the Burgess and Town Council of Darby Borough.  Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ.  Affirmed.

Bill in equity for an injunction.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree dismissing the bill.

*W. B. Broomall*, with him *J. B. Hannum*, for appellants. —It is fair to assume that in the exigency of the continuity of

the tracks being interfered with by the authorities having charge of the bridge, the plaintiff had good cause to think there could be no legal objection to a shifting of its tracks in order to restore that continuity so long as the location of its tracks on the south side of the street was preserved. The plaintiffs should not be judged harshly for attempting to exercise what they deemed to be their legal rights within the limits of a fair and reasonable construction. If they made the effort at night for practical reasons, they had a full right to do so. If they did it at night in order to avoid friction, opposition and collision on the ground, it is rather to their credit than to their discredit.

*V. Gilpin Robinson*, with him *Isaac E. Johnson*, for appellee.—The court committed no error in dismissing the bill with costs to the defendant. The difficulty arose from the shifting of the track on the county bridge so that it was out of alignment with the old track on Chester avenue. The complainant's course was to make terms with the county. If it could not make terms with the county then its duty was to make a formal application to the borough council for consent to the relocation and construction of its track upon Chester avenue. If such petition were presented, and the action of the borough should be unreasonable, unlawful or arbitrary complainant has its remedy. It has no standing in this proceeding.

OPINION BY MR. JUSTICE FELL, March 11, 1907:

The plaintiffs, as owners and lessees, have a charter right to operate an electric railway from the city of Chester to Main street in the borough of Darby. The road enters the borough on a county bridge over Darby creek, and extends east on Chester avenue to Main street. Municipal consent to enter the borough was obtained in 1894, subject to the condition that the company should pave Chester avenue with vitrified bricks from curb to curb from Main street to Darby creek and maintain it in repair, and subject to the provision of a general ordinance that it should not " at any time take up or remove any of the tracks or rails laid by it, except for renewal or repair, without the consent of the council first had and obtained." Consent of the county to use the bridge was ob-

tained in 1893, and by agreement the track was located at the middle of the bridge. In 1904 a new bridge was built by the county, and the borough of Darby agreed with it to pay all damages for which it might become liable by reason of the construction and of the widening of the approaches. The new bridge is wider than the old one was, and the railway track located in the middle thereof does not connect with the track on Chester avenue, but is three feet, six inches south of it. The elevation of the new bridge is six inches greater than that of the old one. Without having made any application to the borough council for consent to change the location of the track on Chester avenue, so as to bring it into alignment with the track on the bridge, the plaintiffs attempted to make the change at night. This attempt was resisted by the borough authorities and other citizens, and the plaintiff's workmen were forced to abandon it. This bill was then filed to restrain the borough, through its officers and agents, from interfering with the change of the track.

The moving of the track of the railway company to make a connection with the track on the bridge would have made necessary the tearing up of the surface of the street for a distance of eighty feet and the elevation of the street to the height of the floor of the bridge. The time and manner of doing this work, as well as the establishment of a new and permanent street grade, were matters under municipal control, and permission should have been asked. Until this had been asked and refused, the appellants had no standing to apply for equitable relief. On this ground the decree of the court dismissing the bill is affirmed.

It is not to be understood that we assent to the proposition that if municipal consent to move the tracks is refused, the appellants are bound hand and foot, and that the grant obtained, for which they paid in full by paving the avenue, can be made nugatory by the arbitrary withholding of consent, or that a consent given can be burdened with conditions that impose further pecuniary obligations for the right to occupy the street. While permission to change should be asked, yet it should be promptly granted without any burdensome conditions.

The decree is affirmed at the cost of the appellants.